# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 429

## DEMARCO v. PAPPAS

Ohio Appeals, 8th Dist., Cuyahoga County

118. AUTOMOBILES — Presumption of agency held to exist where regular chauffeur is operating owner's car.

Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action brought by Gust Pappas against Louis Demarco to recover damages for personal injuries sustained by being struck by defendant's automobile in 1921. The automobile in question belonged to the defendant and was being operated by one Wetters, his chauffeur, at the time of the accident. The defendant was engaged in the restaurant business and his automobile was, a part of each day, placed in service for hire. The plaintiff in his evidence showed that Wetters was a regular employed chauffeur and that he was driving the defendant's car at the time of the accident.

At the close of the plaintiff's evidence defendant made a motion for a directed verdict upon the ground that there was no evidence to show that the chauffeur was engaged in the business of the owner at the time the accident occurred. This motion was overruled by the trial court. The defendant then offered evidence to show that the chauffeur had taken the car against the express orders of the defendant. The jury returned a verdict for the plaintiff in the sum of $12,000. Defendant prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. Where an automobile is being operated by a regular employed chauffeur of the owner, there is a presumption that at the time it was being so operated, it was being used in the business of the defendant.

Attorneys—Day & Day, for Louis Demarco. This is an important case.

No. 430

## HARMON v. PILLO et al

Ohio Appeals, 7th Dist., Mahoning County
Decided March 28, 1924

147. BILLS AND NOTES—Where one of two innocent parties must suffer, the loss shall fall on the party who makes it possible for the wrongful act to be committed.

547. FORGERY—Changing written transfer on mortgage is not, unless done with fraudulent intent.

POLLOCK, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

In a foreclosure action Weasner and Millen each claimed to be the owner of the same note secured by mortgage. Pillo executed a note payable to Hawk for $2500, secured by mortgage. The mortgage was properly recorded. Later Hawk sold and transferred the mortgage to Millen and a written transfer was placed on both the note and mortgage. The transfer on the mortgage was never recorded.

Subsequently Millen delivered the note and mortgage to Hawk to be exchanged for another note and motgage. Hawk sold the note and mortgage to Weasner and erased the name of Millen from the transfer on the note and mortgage and inserted the name of Weasner, who recorded the transfer of the mortgage. On appeal it was held:

1. The mere changing of the written transfer is not forgery; it must be done with fraudulent intent and in transferring the note and mortgage Hawk did not change the intent for which these papers were delivered to him.

2. Granting that it was a forgery where one of two innocent parties must suffer, the party who made it possible for the wrongful act to be committed must lose.

Judgment in favor of Weasner.

Attorneys—W. W. Zimmerman, J. B. Morgan and Moore, Barnum & Hammond. for Harmon; J. H. George, J. M. Modarelli, S. M. Thompson and Charles Vaughn, contra; all of Youngstown.