No. 466
SEIFERT v. KNIRK
Ohio Appeals, 7th Dist., Mahoning Co.
Oct. 24, 1924.

**147. BILLS AND NOTES**—Where there are two successive assignments to innocent purchasers of the same note and mortgage, the loss falls upon the first assignee, when the result was caused or made possible by his act.

ROBERTS, J.

Original action in the Common Pleas seeking the foreclosure of a mechanic's lien growing out of the building of a house for Sophia Knirk, one of the defendants.

Among the answers and cross petitions were one by S. H. Knight, setting up two notes secured by separate mortgages on the premises of Sophia Knirk, and one by Lizzie and W. D. Galbreath, alleging that they were the owners of said two notes and two mortgages claimed by Knight.

The evidence disclosed that Sophia Knirk executed the two notes and mortgages and delivered them to one A. E. Hawk, that Hawk endorsed them all over to Knight, that Knight did not present this assignment at the court house for record, that later Hawk told Knight that Sophia Knirk desired to pay the notes and Knight thereupon delivered the notes and mortgages to Hawk. Hawk then erased the name of Knight from the separate assignments and having sold the notes and mortgages to the Galbreaths, filled in the names of the Galbreaths. The Common Pleas found that the Galbreaths were entitled to the notes and mortgages. Knight appealed to the Court of Appeals which held:

When a loss must fall upon one of two innocent parties, he whose acts caused or made possible the loss must bear it and is responsible therefore, citing Harmon v. Philo, 2 Abs. 443, and Weisber v. Barberton Sav. Bank 84 OS. 21.

The Galbreaths are the real owners and are entitled to the notes and mortgages. Judgment affirmed.

Attorneys—Moore, Barnum & Hammond, for Seifert; R. A. Beard, Ewing & Ewing, W. R. Stewart, Jos. C. Miller, L. M. Kyes, Harrington, DeFord, Hexley & Smith, for defendants.

---

No. 467
IN RE APPEAL FROM BOARD OF COM.
Ohio Appeals, 6th Dist., Huron Co.
No. 190. Decided April 24, 1925.

**1159. TAXES AND ASSESSMENTS**—Can-

not be levied for improvements when no benefit is derived therefrom. 2. When lower tenement has natural drainage, not liable for costs of artificial drainage of other lands.

YOUNG, J.

Error was prosecuted by William and Henry Horning from a judgment of the Huron Common Pleas confirming the action of the county commissioners in a resolution passed levying an assessment on Horning's land for the construction of a tile drain in the natural watercourse known as the Hippler Ditch No. 405. Eros assigned are the overruling of a motion for a new trial and judgment was given against them when under the evidence it should have been given for them.

The petition filed with the commissioners stated that the purposed drain would benefit about 300 acres of land including the land of Horning. The levied assessment was $140. Horning contends that they already have sufficient drainage and that since they would derive no benefit from the proposed drain the assessment against their property is illegal and unwarranted. The petition has alleged that the benefits derived would exceed the cost and the assessments. The Court of Appeals held:

1. If the lower tenement has adequate natural drainage, he is not liable for the cost of artificial drainage to other lands. Blue v. Wentz, 54 OS 247.

2. When there can be no special benefit to the lands from the proposed improvements, an assessment made on them for any part of the cost thereof would be a simple taking of the property of one person for the benefit of another; but the assessment would be void Mason v. Commissioners 80 OS. 181.

3. The only cost that can be assessed against Hornings is a proportionate share of the cost of cleaning of said ditch on their premises, but not for deepennig and widening.

The judgment being against the weight of the evidence is reversed and cause remanded.

Attorneys—J. R. McNnight, for Hornings; Rowley & Carpenter, for Commissioners; all of Norwalk.